IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**KRISTIE GITNES et al.,**

    Plaintiffs,

    v.

**CLACKAMAS COUNTY, et al.,**

    Defendants.

No. 3:10-cv-00911-HU

OPINION AND ORDER

    **MOSMAN, J.**,

On September 12, 2011, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [45] in the above-captioned case recommending that I deny defendants' motion for summary judgment [31] as to plaintiffs' claim for intentional infliction of emotional distress with regard to Deputy Sheriff Mark Nikolai but grant their motion as to all other claims and defendants. On September 21, 2011, Deputy Nikolai filed objections [47].

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Deputy Nikolai makes three objections to the portion of the F&R that denied him summary judgment on plaintiffs' intentional infliction of emotional distress ("IIED") claim. I find none are meritorious.

First, Deputy Nikolai argues that plaintiffs failed to raise an issue of material fact regarding the intent element of IIED, relying on the concurring opinion of Judge Edmonds in *House v. Hicks*, 179 P.3d 730 (2008). (Obj. [47] 21-23). The majority opinion in *House* noted that "proof of intent is often indirect." 179 P.3d at 736. Judge Edmonds's concurrence recognized that Oregon cases have held that the nature of the conduct at issue might provide such indirect proof of intent. *Id*. at 742-43. Judge Edmonds concluded that the conduct at issue there—filing police reports that may have misstated certain facts but correctly asserted the defendant believed she was being stalked based on undisputed acts by the plaintiff—did not qualify as such conduct. *Id*. Here, plaintiffs assert Deputy Nikolai falsely reported that plaintiffs admitted to certain sexual activities when they in fact denied engaging in such activities. If true, that misconduct is more clearly improper than the conduct at issue in *House*. If the jury found

2 – OPINION AND ORDER

the alleged misconduct actually occurred, it might also reasonably find that Deputy Nikolai must have known that his conduct would cause emotional distress, thus satisfying the intent element. I therefore find that Judge Hubel did not err by considering the intent element a disputed factual issue not subject to resolution at this stage.[1]

Second, Deputy Nikolai argues that Judge Hubel put too much emphasis on the existence of a "special relationship" and that no such relationship was present here. (Obj. [47] 27-31). I agree with Deputy Nikolai that the existence of a "special relationship" is not necessarily determinative under Oregon law and that the analysis is a fact-specific inquiry turning on the particular circumstances. As Deputy Nikolai points out, a court should also consider whether the plaintiff was harassed due to his or her "historically disfavored personal characteristics," a consideration that cuts against the plaintiffs' claim here. *Williams v. Tri-Met*, 958 P.2d 202, 205 (Or. Ct. App. 1998). However, the existence of a special relationship is particularly important: "The most important factor is whether a special relationship exists between a plaintiff and a defendant such as . . . government officer-citizen." *House*, 179 P.3d at 737; *see also, id*. at 739 ("[C]ourts are more likely to categorize conduct as outrageous when it is undertaken by the dominant party in a legal relationship."). Judge Hubel's reliance on this factor was therefore not improper. Additionally, his conclusion that a "special relationship" exists between a citizen and an arresting police officer responsible for filing police reports was not erroneous because *House* recognized that the existence of a "government officer-citizen" relationship should be considered. *Id*. at 737.

---

[1] Deputy Nikolai argues that Judge Hubel applied a motion to dismiss standard rather than the summary judgment standard. The evidence supporting plaintiffs' claims apparently consists of their sworn declarations and defendants have not explained why the testimony sworn to in those declarations could not be used at trial. While Judge Hubel may have referred to plaintiffs' "allegations," the F&R makes clear that he relied on these declarations as evidence supporting plaintiffs' claims and did not simply rely on their complaint.

3 – OPINION AND ORDER

Third, Deputy Nikolai argues that Judge Hubel should not have considered the allegations that Deputy Nikolai dragged Ms. Gitnes up the viaduct and threw her into the police car. (Obj. [47] 31). Deputy Nikolai apparently argues this evidence is irrelevant and would therefore not be admissible at trial. (*Id*. at 19). As noted above, however, proof of intent can be indirect and I see no error in Judge Hubel's conclusion that this alleged conduct, if proven, could provide evidence that Deputy Nikolai intended to cause emotional distress to the plaintiffs. Deputy Nikolai also complains that only admissible evidence can be considered at summary judgment and therefore Judge Hubel improperly noted that "whether or not this evidence will be admissible at trial is a question for the trial court." (*Id*.). However, I read the F&R as merely noting that the defendants have not presented any basis to exclude plaintiffs' testimonial evidence at this point, but that Deputy Nikolai is not necessarily precluded from arguing its inadmissibility at trial. I see no error in that conclusion.

## CONCLUSION

Upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [45] as my own opinion.

IT IS SO ORDERED.

DATED this __14th__ day of October, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER